**Dwight E. COFER, Appellant,**

v.

**Dora SCHRIRO, Appellee.**

**No. 99–1852.**

United States Court of Appeals, Eighth Circuit.

Submitted April 26, 1999.

Filed May 10, 1999.

Rehearing and Rehearing En Banc Denied June 18, 1999.

ries. *See United States v. Joshua,* 40 F.3d 948, 952 (8th Cir .1994); *United States v. Flores,* 9 F.3d 54, 55–56 (8th Cir.1993).

Dwight E. Cofer, pro se.

Before: MURPHY, WOLLMAN, and BEAM, Circuit Judges.

PER CURIAM.

In his 42 U.S.C. § 1983 complaint, Missouri inmate Dwight Cofer alleged numerous constitutional violations, including an intermittent requirement that he cut his hair. Cofer pleaded that such a requirement infringes the free exercise of his Rastafarian religion. The district court found the complaint frivolous, denied leave to proceed in forma pauperis, and dismissed the complaint. Upon consideration of the record before the district court, we affirm, except for the dismissal of Cofer's free-exercise claim.

We do not disagree with the district court's conclusion that security concerns permit prison officers to require Cofer to cut his hair, but we find no evidentiary basis in the record of this case, which is still at the initial screening stage, for applying the cases cited by the district court. Liberally read, Cofer's still-uncontested pleadings establish an intermittent, unexplained requirement that he cut his hair, a requirement he finds offensive because of his adherence to the Rastafarian religion. Such a claim is not frivolous. *See Jones v. Schriro,* No. 98–3929 (8th Cir. Apr. 9, 1999) (remanding dismissal of Rastafarian's claim as frivolous); *Reed v. Faulkner,* 842 F.2d 960, 963–64 (7th Cir.1988) (remanding because evidence before district court did not support judgment rejecting Rastafarian's free speech and equal protection claims).

We agree, however, with the dismissal of Cofer's other claims. Thus, we remand for further proceedings consistent with this opinion.